

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 05-111 |
| v. | : (Judge Kane) |
| IMC ASSOCIATES, INC; CLEANMAX ASSOCIATES, INC.; COMET FLOOR CARE ASSOCIATES, INC.; IRONMAN MAINTENANCE ASSOCIATES INC.; PRECISION CLEANING, INC.; CHAMPION FLOOR CARE ASSOCIATES, INC.; NATIONAL CLEANING MANAGEMENT INC.; MERCURY FLOOR CARE ASSOCIATES INC.; ALLIED FLOOR CARE SERVICE, INC.; WORLD CLEAN ASSOCIATES, INC.; FLORIDA FLOOR CARE, INC.; AND EXPRESS CORPORATE SERVICES, INC. | : FILED HARRISBURG PA MAR 18 2005 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk (Electronically Filed) |

## **P L E A   A G R E E M E N T**

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned Defendants. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The Defendants, as well as counsel for both parties, understand that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended, will apply to the offense to which the Defendants are pleading guilty, since that offense was completed after the effective date of the implementation of the Guidelines.

1. The defendants agree to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the Defendants by the United States Attorney for the Middle District of Pennsylvania. That Information, a copy of which is appended hereto as Exhibit 1, will charge a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(i) 1324(a)(1)(A)(iv), and (a)(1)(B)(i), Conspiracy to Transport and Encourage and Induce Aliens to Reside in the United States knowing or in reckless disregard of the fact that such residence is and will be in violation of law, and for the purpose of commercial advantage and private financial gain. The maximum penalty for that offense for each Defendant is a fine of $500,000.00, a term of probation to be determined by the Court, the costs of prosecution, denial of certain Federal benefits as well as an assessment in the amount of $400.00. At the time the guilty plea is entered, the Defendants shall admit to the Court that the defendants are, in fact, guilty of the offense charged in the information. In the event that the defendants subsequently successfully vacate or set aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendants further agree to waive any defense to the filing of additional charges which could have been brought against the defendants at the time of this plea based upon laches, the assertion of any speedy trial

rights, any applicable statute of limitations, or any other grounds.

2. The United States has no objection to Defendants' attorney entering the aforementioned guilty plea pursuant to Fed. R. Crim. Pro. 43 if such is acceptable to the Court.

3. The defendants understand that the Court will impose a special assessment of $400.00, pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the Defendants shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court." Counsel for the Defendants shall provide a copy of the special assessment check to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If any Defendant intentionally fails to make this payment, or pays with an insufficient funds check, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges.

4. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the Defendants, their officers,

Christopher S. Walters, Jonathan E. Fortman, Curt Fowler, Daniel McLaughlin, Dale Walters, and Janet Walters, directly arising out of their involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of that offense.

5. The United States agrees that by entering and fulfilling their obligations under this Agreement, the Defendants demonstrate recognition and affirmative acceptance of responsibility for their conduct. The Defendants further demonstrate their acceptance of responsibility by agreeing to the civil forfeiture set forth in this agreement.

6. The United States and the Defendants agree that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(e)(1)(C), and that in light of the Defendants' agreement to pay $4,000,000.00 as a civil forfeiture to resolve all civil and criminal matters arising out of the Defendants' conduct as set forth in the Information, the following sentence is the appropriate disposition of this case:

    (a) The Defendants agree to the civil forfeiture of $4,000,000.00 as set forth in paragraph 7 of this Agreement;

    (b) No separate criminal fines shall be imposed against the Defendants;

4

(c) Organizational probation is not applicable in this case; and

(d) If the Court does not accept this Agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), then Defendants have the right to withdraw from this Agreement, and withdraw any guilty plea entered pursuant to this Agreement. Should the Court reject the Agreement, the United States is free to pursue whatever prosecution it deems appropriate in this matter. To the extent that in reliance on this Agreement any steps are taken by any party hereto to effectuate the forfeiture or return of property contemplated hereunder, and the Court does not accept this Agreement, the United States and Defendants agree to take such steps as are necessary to restore the status quo regarding forfeiture as it exists the date this Agreement is executed.

7. Defendants desire to end all pending civil and criminal matters in the Middle District of Pennsylvania. To avoid needless litigation and the expense attendant thereto, Defendants agree to settle the civil and criminal matters arising out of the Information appended hereto as Exhibit 1, out of the seizures conducted pursuant to the Seizure Warrants filed in the United

States District Court for the Middle District of Pennsylvania on April 4, 2002, and docketed to Nos. 1:MI-02-68, 1:MI-02-69, 1:MI-02-70, 1:MI-02-71, and 1:MI-02-72, and out of the civil <u>in rem</u> forfeiture actions pending in the United States District Court for the Middle District of Pennsylvania, and captioned as follows:

<u>United States of America v Mercury Floor Care, et al.</u>, No. 3:02-CV-00985;

<u>United States of America v. Charles Schwab, Acct. No. 23211010</u>, No. 3:02-CV-00986;

<u>United States of America v. Express Corporate Services, Inc. et al.</u>, No. 3:02-CV-00982;

<u>United States of America v. Florida Floor Care, Inc., Acct. No. 0037-3536-3624</u>, No. 3:02-CV-00984;

<u>United States of America v. 7 Carters Grove Court</u>, No. 3:CV-02-0573;

<u>United States of America v. 385 Grand Terrace Court</u>, No. 3:CV-02-0574; and

<u>United States of America v. H&R Block, Acct. No. 0581191525</u>, No. 3:CV-02-00983.

Defendants further agree to take the following actions to facilitate civil forfeiture:

 (a) To settle the above-captioned pending civil <u>in rem</u> forfeiture actions through the entry of a judgment of forfeiture in one or more of said actions in the aggregate amount of $4,000,000, and through payment by Defendants to the United States of said judgment from funds already seized or frozen by

6

the United States and/or from property in Defendants' custody;

(b) To waive their right to the personal service of process upon any and all persons and to name as their agent for the service of all process:

> Jeffrey T. Demerath
> Greensfielder, Hemker & Gale, PC.
> 2000 Equitable Building
> 10 South Broadway
> St Louis, Missouri 63102-1747;

(c) To waive their right to appear and contest any portion of the forfeiture proceedings;

(d) To stipulate and agree to the filing and entry of a consent judgment of forfeiture in the amount of $4,000,000;

(e) To stipulate that no other person has an equitable or legal interest in the $4,000,000 to be forfeited hereunder;

(f) To the payment of $300 for costs of the forfeiture;

(g) To pay into the custody of the United States the entire sum necessary to effectuate a forfeiture of $4,000,000, taking into consideration those sums to be forfeited which are already in the custody or control of the United States pursuant to the execution of seizure warrants and/or warrants of

arrest <u>in rem</u>, together with the sum of $300 for costs, at the time of entry of the guilty plea, said sums to be paid by bank or cashiers check payable to the UNITED STATES MARSHAL, MIDDLE DISTRICT OF PENNSYLVANIA/ASSET FORFEITURE FUND;

(h) To sign any and all documents necessary to effectuate the forfeiture of the $4,000,000 and costs associated therewith, including but not limited to electronic funds transfer orders or other devices necessary to transfer any funds to be forfeited that are in frozen bank accounts outside of the Middle District of Pennsylvania into the direct custody of the United States;

(i) To waive any double jeopardy challenges the Defendants may have to civil forfeiture actions arising out of these charges, and to waive any double jeopardy challenges the Defendants may have to these charges based upon any pending or completed administrative or civil forfeiture actions.

8. This agreement is being entered into by the United States on the basis of the express representation that the Defendants are making full and complete disclosure of all assets

over which the Defendants exercise control. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the Defendants' assets other than those specifically delineated in this Agreement. To the extent that any assets other than the $4,000,000 to be forfeited hereunder are presently the subject of the above-captioned civil *in rem* forfeiture actions or have been seized or arrested by the United States, the United States agrees to discontinue such actions or settle such actions, as appropriate, so as to effectuate an aggregate forfeiture to the United States of $4,000,000, plus costs of $300, and the return of all other property presently in the custody or control of the United States, including 7 Carters Grove Court and 385 Grand Terrace Court, which any of the Defendants owns or has an interest in to such Defendants.

9. As the result of the forfeitures set forth in paragraphs 7 and 8 above, the United States agrees not to seek forfeiture of any other assets known to the United States which belong to the Defendants. This Agreement does not bind the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

10. By this Agreement, the Defendants agree to forfeit all interests in the cash listed in paragraph 7 above and to take whatever steps are necessary to pass clean title to the United

States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

11. The Defendants understand that if the Court determines that a pre-sentence investigation is necessary, the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the Defendants' background, character, cooperation, if any, and involvement in this or other offenses.

12. The Defendants understand that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and Defendants must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guidelines ranges and policy statements contained on or omitted from the report. The Defendants agree to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The Defendants

10

understand that unresolved substantive objections will be decided by the Court at the sentencing hearing where the standard of proof will be a preponderance of the evidence. Objections by the Defendants to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a guilty plea.

13. The Defendants agree not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, or the Commonwealth of Pennsylvania, its agencies or employees, whether or not presently known to the Defendants, arising out of the investigation, prosecution or cooperation covered by this agreement, the seizures or forfeiture actions listed in paragraph 7 hereof, or the forfeitures contemplated hereunder, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the Defendants' guilty plea in this matter the Defendants further acknowledge that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

14. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the Defendants arising out of or related in any way to the offense identified in this agreement.

15. The Defendants agree to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the Defendants' documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

16. The Defendants are aware that Title 18, United States Code, Section 3742 affords a Defendants the right to appeal the sentence imposed. Acknowledging all of this, the Defendants knowingly waive the right to appeal any sentence imposed within the statutory maximum, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds. The Defendants also waive their right to challenge the judgment of conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

17. The Defendants agree to cooperate with the United States in any on-going investigations including those relating to the conduct by individuals or entities referred to in the Information attached hereto as Exhibit 1.

18. The United States is entering into this Plea Agreement with the Defendants because this disposition of the matter fairly

and adequately addresses the gravity of conduct from which the charges are drawn, as well as the Defendants' role in such conduct, thereby serving the ends of justice.

19. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the Defendants in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the Defendants in connection with this case, nor have any predictions or threats been made in connection with this plea.

20. The original of this agreement must be signed by an authorized representative of Defendants and by defense counsel for the Defendants and received by the United States Attorney's Office on or before 5:00 p.m., February 3, 2003, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

21. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by an authorized representative of

the Defendants and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_1/23/03_  
Date

_[signature]_ President  
Christopher S. Walters, President  
IMC Associates, Inc. et al.

I am the defendants' counsel. I have carefully reviewed every part of this agreement with the Defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_1/23/03_  
Date

_[signature]_  
Jeffrey T. Demerath, Esquire  
Counsel for Defendant

_2/3/03_  
Date

_[signature]_  
THOMAS A. MARINO  
United States Attorney

TAM:WPS:sls  
January 07, 2003/2002R00328

14